1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  PROFIL INSTITUT FUR                     CASE NO. 16cv1549-LAB (BLM)
    STOFFWECHSELFORSCHUNG GMBH,
12                                          **ORDER DENYING MOTION FOR**
                              Plaintiff,    **PRELIMINARY INJUNCTION; AND**
13       vs.
                                            **ORDER DENYING AS MOOT *EX***
14  PROSCIENTO, INC.,                       ***PARTE* MOTION TO SHORTEN TIME**

15
                              Defendant.
16

17

18          On February 21, Defendant ProSciento, Inc. (then known as Profil Institute for Clinical

19  Research, Inc.) filed a motion for preliminary injunction along with a motion to shorten time.

20  ProSciento asks the Court to enjoin Plaintiff's use of the American trademark "Profil" in

21  connection with upcoming trade shows.

22          A preliminary injunction is an "extraordinary and drastic remedy" that is not granted

23  unless the movant carries the burden of persuasion by a clear showing. *Mazurek v.*

24  *Armstrong*, 520 U.S. 968, 972 (1997). The purpose of a preliminary injunction is to preserve

25  the status quo or prevent irreparable injury pending the resolution of the underlying claim.

26  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). A plaintiff

27  seeking a preliminary injunction must establish (1) it is likely to succeed on the merits; (2)it

28  is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of

1  equities tips in its favor and (4) an injunction is in the public interest. *Winter v. Natural Res.*

2  *Def. Council, Inc.*, 555 U.S. 7, 20, (2008). Under the Ninth Circuit's alternate test, a plaintiff

3  must, among other things, show at least "serious questions" going to the merits. *See Lopez*

4  *v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

5       ProSciento is solely a Defendant both in this case, and in the related case, 16cv2762,

6  *Profil Institut v. ProSciento*; it has not filed a complaint, claim, counterclaim, or the like in

7  either case.  While Profil is bringing claims pertaining to the American "Profil" mark, Profil's

8  failure to prove its claims would not entitle ProSciento to any relief.  Thus, even if ProSciento

9  prevailed on all claims in both cases, it would not be entitled to any relief.

10      Federal courts can issue preliminary injunctions only to the extent they pertain to

11 pending underlying claims — in other words, where the preliminary injunction would

12 temporarily grant the same kind of relief as the underlying claims, if successful, would

13 ultimately merit.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631,

14 636 (9th Cir. 2015) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220

15 (1945)) ("A preliminary injunction is appropriate when it grants relief of the same nature as

16 that to be finally granted.")  Where, as here, the party is bringing no claims, there is no basis

17 for issuance of a preliminary injunction.  And in fact, the Court lacks authority to do so.  *Id*.

18 (quoting *DeBeers*, 325 U.S. at 220) (holding that, unless the preliminary injunction would

19 grant "relief of the same character as that which may be granted finally," a district court lacks

20 authority to grant the requested relief).

21      Because the Court lacks authority to grant the preliminary injunction, ProSciento's

22 motion is summarily **DENIED**.  The motion to shorten time is **DENIED AS MOOT**.  This order

23 does not prevent ProSciento from seeking a preliminary injunction in the future, in the event

24 it files a complaint or counterclaim.

25      **IT IS SO ORDERED**.

26 DATED: February 27, 2017

27

28                                    **HONORABLE LARRY ALAN BURNS**
                                       United States District Judge