# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROFIL INSTITUT FUR STOFFWECHSELFORSCHUNG GMBH,<br><br>Plaintiff,<br>vs.<br><br>PROSCIENTO, INC.,<br><br>Defendant. | CASE NO. 16cv1549-LAB (BLM)<br><br>**ORDER DENYING *EX PARTE* MOTION FOR RECONSIDERATION; AND**<br><br>**ADMONITION TO COUNSEL** |

On February 28, 2017, the Court summarily denied Defendant Prosciento's motion for a preliminary injunction, noting that Defendant had no claims pending before the Court. The order, however, gave ProSciento leave to renew its motion after filing a counterclaim.

Instead of preparing and filing a counterclaim, ProSciento that same day filed an unauthorized motion for reconsideration. *See* Chambers Standing Order ¶ 4(j) (requirements for filing motions for reconsideration that include, among other things, a request for leave to file such a motion). Violation of the Court's order, by itself, would support summary denial of the motion. *See* Civil Local Rule 83.1.

Even if the motion had been properly filed, however, it would be denied on the merits. The motion suggests that the Court has ignored what it calls the routine practice of courts across the nation. But ProSciento's analysis has focused solely on those parts of holdings or other authorities that favor its position, while neglecting the limitations on them.

First, it should be noted that this case has been pending for eight months, and during that time ProSciento has never filed a counterclaim or — until now — suggested that it might do so.  The cases and other authority ProSciento has cited uniformly stand for the proposition that in exigent circumstances, a court can grant preliminary injunctive before a complaint is formally filed.  In those circumstances, they explain, the court can treat some other document as filling the role of the complaint or counterclaim.  Similarly, they all agree that it is preferable that a complaint or counterclaim be filed first.

In *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F. Supp. 1349, 1352 (N.D. Tex. 1991), the court explained:

> There is scant authority on the question, but the court is satisfied from its research that [the defendant] need not have filed a counterclaim. At least one circuit court has held there are circumstances of such an exigent nature that an injunction can precede even the filing of the suit itself. In *Studebaker Corp. v. Gittlin*, 360 F.2d 692 (2d Cir.1966), the Second Circuit affirmed an injunction entered by the district court on the basis of an affidavit and without a complaint. *Id*. at 694. The circuit court observed that "it would have been better to file a complaint along with the affidavit and order to show cause," *id*., but under the circumstances (a complaint was filed after the hearing but before the injunction issued), the district court could properly treat the affidavit as a complaint. *Id*. Professors Wright and Miller state as the applicable rule that, "although it is preferable to file the complaint first, a preliminary injunction may be granted upon a motion made before a formal complaint is presented." 11 C. Wright & A. Miller, Federal Practice and Procedure § 2949 at 468 (1973).

ProSciento cites *Absolute Bus. Solutions, inc. v. Mortg. Elec. Registration Sys.*, 2016 WL 2757381 (D. Nev. May 12, 2016) as an example of a case where a court decided a defendant's motion for preliminary injunction on the merits in spite of the lack of a counterclaim, because the complaint involved adjudication of the defendant's rights in certain property.  In fact, that court *denied* relief, noting many inadequacies in the defendant's motion.  Among other things, the court pointed out that that the claims in the complaint would not entitle the defendant to the relief she sought in her motion.  *Id*. at *2 ("Accordingly, there are no grounds on which the court can grant such preliminary relief, regardless of her success with respect to [claims presented in the complaint]").

ProSciento also cites *HPEV, Inc. v. Spirit Bear Ltd.*, 2014 WL 3845126 (D. Nev. Aug. 5, 2014) as an example of a case where a court dispensed with the need to file a

counterclaim. In fact, the court found little likelihood of success on other grounds, then in a footnote offered the language that ProSciento relies on. *See id*. at *2 n.9. This is purely dicta, because the court noted that the defendant in fact *had* added the claim to its responsive pleading. *Id.*[1] And in any event, the short section ProSciento relies on is merely a summary of *Ruscitto*, including its limitations.

ProSciento also cites *Bader v. Wernert*, 178 F. Supp. 3d 703, 719 n.14 (N.D. Ind., 2016). The issue being discussed there dealt with a wrongful termination claim that had been mentioned in a complaint's prayer for relief, but not formally raised in the complaint. The court was clarifying whether that remained a live claim. It made the same unremarkable observation that, in unusual circumstances, a party may seek a preliminary injunction on a basis not named in the complaint. The court then went on to find the claim had been waived by failing to develop it.

The only other case ProSciento cites is an unpublished bankruptcy appeal from 2005, *In re Ghidei*, 2005 WL 6960240 (B.A.P. 9th Cir. June 22, 2005). Under Ninth Circuit Rule 36-1, this case is not citable. And in any event it does not stand for the proposition ProSciento believes it does; all it says is that a motion for preliminary injunction may be made before service of the complaint has been completed. *Id*. at *2. It also mentions the same principles as the cases discussed earlier.

Here, the circumstances were not unique or even unusual. Although it had plenty of time to do so, ProSciento has never brought any claim. Without a clearly-stated claim to evaluate, the Court has no good way to evaluate its likelihood of success on the merits. Although ProSciento conceives its claim as the counterpart to Profil's claims regarding the American trademark "Profil," one party's failure on that claim would not ensure the other's success. The claim and counterclaim are not two sides of the same coin, where the success

---

[1] A review of the docket in that case shows that the defendant filed a formal counterclaim that included the relevant claims after filing its motion for preliminary injunction, but before the court ruled on the motion. (*See* Docket in *HPEV, Inc. v. Spirit Bear Ltd.*, 13cv1548-JAD (GWF) (D. Nev., filed Aug. 27, 2013), Docket nos. 87 (motion for preliminary injunction); 118 (order granting leave to amend); 119 (amended answer and counterclaim); and 132 (order denying preliminary injunction).)

of the one means the failure of the other, and vice versa. Here, both claims could fail. For example, Profil could fail to show prior use or any senior interest in the mark, while Profil could be found to have abandoned it. In such a situation, the Court might find that neither party owned the mark, or that ProSciento formerly owned it but now Profil does. Moreover, in both related cases the Court has issued an order to show cause, which the parties have yet to respond to, regarding the mootness of claims for prospective injunctive relief concerning use of the mark. So it is not yet clear whether *any* claims to the mark will remain pending.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Motions for reconsideration, similarly, are disfavored except in extraordinary circumstances, none of which are present here. *See Turner v. Burlington N. Santa Fe R. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

The motion for reconsideration is **DENIED**. ProSciento may, if it wishes, file a counterclaim and then renew its motion for preliminary injunction. If it does so, the motion should be filed as an *ex parte* motion, and Profil will have 10 calendar days to file an opposition. No reply brief should be filed, and the Court will set a hearing if appropriate. Otherwise the matter will be deemed submitted on the papers.

The trade shows where ProSciento believes Profil may infringe the mark are coming shortly. If ProSciento renews its motion, it should show why it could not have sought relief earlier. Bearing in mind that adjudication of the motion is likely to take some time and some of the claims may become moot while the Court is considering the issues, the motion should also make clear whether the preliminary injunction would have value if not issued right away.

**Admonition to Counsel**

While zealous advocacy is appropriate and even laudable, the Court observes a tendency to overlitigate this case, resulting in a waste of resources. The Court will closely scrutinize future filings for relevance and may summarily reject filings that do not comply with applicable rules or are inapposite.

Counsel are also reminded that in addition to managing the case, the Court must also confirm its own jurisdiction before making any rulings on the merits. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). To that end, the Court has issued orders to show cause in the two related cases. Counsel should file their responses as promptly as they can, but in any event no later than the deadlines the Court has set.

**IT IS SO ORDERED**.

DATED: March 1, 2017

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge